UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JALLIAH JABER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 309 CDP |
| | ) | |
| TITLE PREMIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiffs Jalliah and Mohammed Jaber allege that they were the victims of a foreclosure rescue scam which ultimately resulted in their losing title to and being evicted from their home in St. Louis County. They challenged the eviction in St. Louis County Circuit Court and were denied relief. Their complaint in this case has seven counts and names six defendants, and all paragraphs are incorporated into all claims. Most defendants have filed motions to dismiss or motions for more definite statement, in part because it is not clear from the complaint which counts are brought against which defendants.

The only two federal counts, Count IV, titled "RESPA Violations (12 U.S.C. § 2605)" and Count V, titled "FDCPA Violations (15 U.S.C. §§ 1692c, 1692e, 1692F)," make specific allegations against only defendant ServiSolutions, LLC, who was plaintiffs' former mortgage servicer. Plaintiffs' briefs in response to the

other defendants' motions to dismiss make it clear that these federal claims are brought only against ServiSolutions. ServiSolutions has filed a motion to dismiss those federal claims.

The remaining counts are based on state law and appear to be against all defendants: Count I seeks quiet title to the property; Count II seeks a declaratory judgment that the Warranty Deed is void ab initio, Count III it titled "Fraudulent Inducement;" Count VI is titled "Abuse of Process," and Count VII is titled "Notarial Misconduct/Negligence." Plaintiffs have also filed a motion for preliminary injunction, seeking an order restoring their ownership and possession of the home.

For the reasons that follow, I will grant ServiSolutions's motion to dismiss plaintiffs' federal claims against it for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. Because those federal claims provide the basis for this Court's jurisdiction under 28 U.S.C. § 1331 and there is no diversity or other basis for original jurisdiction, I will exercise my discretion under 28 U.S.C. § 1367(c)(3) and dismiss without prejudice all the state-law claims. I will also deny all other pending motions.

**Factual Background**

Plaintiffs allege that during their marriage, they obtained a mortgage loan to purchase a home in St. Louis County, Missouri, and defendant ServiSolutions,

LLC serviced the loan. When plaintiffs later sought to refinance the mortgage loan, defendants Gail and Pierre Snodgrass[1] offered to assist them. Plaintiffs allege that instead of helping them, the Snodgrasses fraudulently induced them to sign documents that transferred ownership of the home to a company owned by the Snodgrasses, defendant New Beginning Properties, LLC. Plaintiffs allege that although the St. Louis County Recorder of Deeds refused to record the deed based on suspected fraud, the Snodgrasses misrepresented that the deed was valid in state court and obtained an ex parte eviction order. As a result, plaintiffs and their children were removed from their home.

Plaintiffs' complaint alleges that they were evicted without notice and without an opportunity to be heard. Their memorandum in support of their motion for preliminary injunction, however, shows that they unsuccessfully sought to set that order aside and later "dismissed" their challenge. See ECF 37-1 headers p. 21, pp. 23-28, and pp. 30- 34.[2]

---

[1] Plaintiffs state in a brief opposing another motion to dismiss that Defendant Pierre Snodgrass was "a trusted family member." ECF 21 at p. 1. In the lengthy memorandum filed in support of their motion for preliminary injunction, plaintiffs state that Defendant Gail Snodgrass is the cousin of plaintiff Jalliah Jaber. ECF 37 at header pp. 1-2.

[2] Plaintiffs' filings are lengthy and confusing and appear to have been drafted using some form of artificial intelligence large language model – among other things, they cite non-existent cases for non-existent quotations and sometimes their various filings contradict one another. They have explained the citation errors as simple mistakes. I accept plaintiffs' explanation, and throughout this opinion, I am assuming all facts alleged are true and am considering those facts in the light most favorable to them, given that this is a motion to dismiss.

Plaintiffs allege that when they notified ServiSolutions that the deed was fraudulent, ServiSolutions misrepresented that a certified deed existed, failed to correct the error, and refused to communicate with them. After plaintiffs and their children were evicted, the Snodgrasses paid off the mortgage loan. Plaintiffs allege that "ServiSolutions acted as a debt collector in connection with loan servicing" and "communicated debt/account information to unauthorized third parties after notice," "made false and misleading representations in connection with debt collection," and "used unfair and unconscionable means to collect/enforce the debt." Complaint, ECF 1, pp. 11-12, ¶¶ 72-75.

**Discussion**

ServiSolutions seeks dismissal for lack of jurisdiction, arguing that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine, which provides that, with some exceptions, federal courts lack subject-matter jurisdiction over challenges to state court judgments. *Kvalvog v. Park Christian School, Inc.*, 66 F.4th 1147 (8th Cir 2023). Whether these RESPA and FDCPA claims would be barred under the complicated circumstances here is not clear and would require the Court to consider more fully all the state-court proceedings. But it is not necessary for me to decide that issue, because it is very clear from the face of the complaint that – assuming this Court has jurisdiction – the RESPA and FDCPA claims must

be dismissed under Rule 12(b)(6) for failure to state a claim even aside from any *Rooker-Feldman* arguments.

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, plaintiffs are proceeding pro se. Pro se complaints must be liberally construed, "and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citation modified). Nevertheless, pro se pleadings must state sufficient facts that, taken as true, support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Count IV – RESPA Violation against ServiSolutions**

ServiSolutions argues that plaintiffs fail to state a RESPA claim because the complaint contains no allegations indicating that they submitted a qualified written request that would have triggered its obligation to respond under the statute. ServiSolutions also contends that the complaint does not specify how it failed to

comply with RESPA or allege that plaintiffs' damages were the result of the alleged failure. I agree.

RESPA is a consumer protection statute that imposes certain duties on mortgage loan servicers with respect to the loans they service. Under RESPA, a mortgage loan servicer may be liable for damages to a borrower if it fails to adequately respond to a qualified written request (QWR) for information relating to the servicing of a loan. 12 U.S.C. § 2605(e)-(f). A QWR is a written correspondence that (1) includes, or otherwise enables the servicer to identify, the name and account of the borrower and (2) includes a statement of the reasons the borrower believes that the account is in error or provides sufficient detail regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B).

When a loan servicer receives a QWR from a borrower, the servicer must respond to the borrower within 30 days. *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 715 (8th Cir. 2018) (citing 12 U.S.C. § 2605(e)). The servicer may respond in one of the following three ways: (1) correct the borrower's account and notify the borrower of the correction; (2) after conducting an investigation, provide the borrower with a statement of the reasons for which the servicer believes the borrower's account is correct; or (3) after conducting an investigation, provide the borrower with the requested information or an explanation of why the information is unavailable or cannot be obtained by the servicer. *Id.* (citing 12 U.S.C.

§ 2605(e)(2)(A)-(C)). If the servicer fails to adequately respond, the borrower is entitled to "any actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1).

Plaintiffs' complaint does not allege that they sent ServiSolutions a written correspondence, which is required for an inquiry to constitute a QWR under § 2605(e)(1)(B). Instead, they allege that they "notified" ServiSolutions that the transfer was fraudulent. Complaint, ECF 1, p. 8, ¶ 45. This is not sufficient, as RESPA requires a writing. Additionally, their allegation that they notified ServiSolutions of the Snodgrasses' fraud is not related to the "servicing" of their mortgage loan as that term is defined under RESPA. *See* 12 U.S.C. § 2605(i)(3) (defining servicing as receiving scheduled periodic payments from a borrower pursuant to a loan and making the payments of principal and interest with respect to the amounts received from the borrower) and § 2605(k)(1)(C) (providing that a servicer must "respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties"). *See also Perron ex rel. Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 857 (7th Cir. 2017) (a QWR cannot be used to collect information about, or allege an error in, the underlying mortgage loan); *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667

(9th Cir. 2012) (letters challenging only a loan's validity or its terms are not qualified written requests requiring a response under § 2605(e)).

Even had plaintiffs adequately alleged the existence of a QWR and a violation of RESPA, the complaint fails to allege any damages that were the result of ServiSolutions's failure to comply with RESPA. Actual damages are an essential element of a claim under RESPA. *See Wirtz* at 718. Accepting plaintiffs' allegations as true, it was the Snodgrasses' fraudulent misconduct that caused plaintiffs' damages, not ServiSolutions's misrepresentation that the deed was valid. Count IV must therefore be dismissed for failure to state a claim.

**Count V – FDCPA Violation against ServiSolutions**

The FDCPA is a federal statute designed to prohibit debt collectors from employing harassing, false, deceptive, misleading, or otherwise unfair or unconscionable means to collect debt. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002). The FDCPA imposes civil liability only on debt collectors. *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 950 (8th Cir. 2006). The term "debt collector" does not include any person collecting or attempting to collect a debt owed or due another to the extent such activity "concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Under the FDCPA, "a debt collector does not include the consumer's creditors, *a mortgage servicing company*, or an assignee of a debt, *as*

*long as the debt was not in default* at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)(emphasis added); *Marshall v. Deutsche Bank Nat'l Tr. Co.*, 445 F. App'x 900 (8th Cir. 2011) (per curiam) (citing *Perry* with approval).

Plaintiffs have not plausibly alleged that ServiSolutions acted as a debt collector within the meaning of the FDCPA because none of the complaint's allegations suggest that the mortgage loan was in default at the time ServiSolutions began servicing it. Indeed, the only date alleged in the complaint is the date the fraudulent deed was notarized, and that date is not relevant to plaintiffs' FDCPA claim. *See Lansing v. Wells Fargo Bank, N.A.*, No. 11-3132, 2011 WL 6754083, at *2 (D. Minn. Dec. 23, 2011) (dismissing FDCPA claim against the assignee of plaintiff's mortgage because plaintiff pleaded no facts regarding the dates of default of mortgage and assignment). Further, the complaint's allegations are entirely conclusory and give no indication of how ServiSolutions might have violated the FDCPA. *See Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (concluding that the complaint fell short of meeting even the liberal standard for notice pleading because it was "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability").

Plaintiffs failed to respond to ServiSolutions' arguments about the FDCPA claim in their initial opposition to the motion to dismiss. After ServiSolutions

pointed that out, plaintiffs sought leave to file a sur-reply. Although there is no good cause shown, I have considered the proposed sur-reply, but it does not help. Plaintiffs apparently seek to clarify that the conduct they are challenging in their FDCPA claim is ServiSolutions's communication with the Snodgrasses in connection with the mortgage loan without plaintiffs' permission, which they contend violates § 1692c(b). Again, the complaint's allegations are simply that the Snodgrasses eventually paid off the mortgage, but nothing in the complaint alleges the substances of any communications that ServiSolution may have had with the Snodgrasses before the state court resolution of the eviction case. Merely communicating with a successor owner is not the type of conduct § 1692c(b) prohibits. The FDCPA as a whole is designed to prevent debt collectors from engaging in harassing, abusive, shaming, and oppressive tactics to collect debt from consumers. *Peters*, 277 F.3d at 1054. In keeping with that purpose, § 1692c(b) is specifically designed to prevent debt collectors from communicating with third parties about a consumer's debt for the purpose of harassing and embarrassing the consumer into settling his or her debt. Examples of communications prohibited under § 1692c(b) include publishing shame lists and calling consumers' friends, families, and employers about consumers' debt. *See Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015) ("The ban on communicating with third parties like employers is meant to protect debtors from

harassment, embarrassment, loss of job, and denial of promotion." (citation modified)). That is not what plaintiffs allege happened here.

Liberally construing plaintiffs' allegations, ServiSolutions was not communicating with the Snodgrasses for the purpose of inducing plaintiffs to settle a debt, because ServiSolutions no longer believed that plaintiffs owned the house or owed any additional payments on the mortgage loan. *See McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) (concluding that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor"). Thus, Count V fails to state a claim against ServiSolutions and must be dismissed.

**State Law Claims**

Plaintiffs' remaining five claims are brought under Missouri state law. Because I will dismiss all claims over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state-law claims and will dismiss them without prejudice. 28 U.S.C. § 1367(c)(3); *see also Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." (quoting *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006))).

Accordingly,

**IT IS HEREBY ORDERED** that defendant ServiSolutions's motion to dismiss [13] is **GRANTED** as to Counts IV and V and those Counts are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

A separate Judgment will be entered this same date.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2026.